IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS MCNUTT,

                              Plaintiff,

   v.                                                              OPINION & ORDER

WEINERMAN & ASSOCIATES, LLC,                     14-cv-307-jdp
TMT MANAGEMENT GROUP, LLC,
MARK BUGNI, and TOM LEIFERMAN,

                             Defendants.

---

      In April 2014, plaintiff Thomas McNutt sued defendant Weinerman & Associates, LLC for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. The parties settled, and the court dismissed the case without prejudice in December 2014. But a few months later, McNutt moved to reopen the case because Weinerman did not pay him pursuant to the parties' settlement agreement. As it turned out, Weinerman had filed a notice of dissolution with the Minnesota Secretary of State less than a month after the court closed the case. McNutt's motion to reopen the case therefore included a proposed amended complaint alleging that the court should pierce Weinerman's corporate veil and impose liability on three new defendants: TMT Management Group, LLC, Mark Bugni, and Tom Leiferman.

      TMT and Leiferman moved to dismiss the amended complaint (Bugni is avoiding service of process and has not yet appeared, *see* Dkt. 35-1), and McNutt responded with a proposed second amended complaint. TMT and Leiferman contend that the proposed second amended complaint cannot survive their original motion to dismiss because, among other

things, the court lacks personal jurisdiction over them. After the parties completed briefing on these motions, McNutt moved for leave to file supplemental materials that, according to him, refute various representations that TMT and Leiferman made in their brief in support of their motion to dismiss.

The court disapproves of Weinerman's attempts to dodge is obligations under the settlement agreement. And the court has misgivings about letting Leiferman and Bugni—two of Weinerman's members—avoid liability despite their likely involvement in the company's actions. But even with McNutt's supplemental materials, the amended complaint and proposed second amended complaint do not demonstrate that this court has personal jurisdiction over TMT or Leiferman (and likely not over Bugni either). The court will therefore deny McNutt's motion to amend, grant TMT and Leiferman's motion to dismiss, and deny McNutt's motion for leave to file a supplemental document.

BACKGROUND

The court draws the following factual allegations from McNutt's first amended complaint and from his proposed second amended complaint. At this point in the case, the court accepts McNutt's allegations as true. The court will also summarize the relevant procedural aspects of this case, which are part of the record.

McNutt resides in Hudson, Wisconsin. Weinerman was a Minnesota limited liability company, with its principal place of business in Burnsville, Minnesota. During the relevant events of this case, Weinerman was a closely held business that purchased debts and engaged in debt collection activities. Bugni and Leiferman were both members of the company, along with Beth Trautman, who is not a party to this case.

In September 2013, Weinerman called McNutt on his cell phone to discuss collecting a debt (McNutt does not allege the nature of the debt or how he incurred it). Weinerman did not identify itself as a debt collector, instead implying that it was a law firm. After McNutt disputed that he owed any debt, Weinerman threatened to put a lien on McNutt's home and sell it if he did not settle the debt within the next few days. Notwithstanding this threat, Weinerman never put a lien on McNutt's home, and McNutt alleges that Weinerman never intended to place such a lien.

Weinerman continued to call McNutt, and the company used an automatic telephone dialing system to do so. During the calls, Weinerman's representatives were rude: they threatened McNutt and interrupted him when he tried to speak. It is not clear how long these calls continued, nor has McNutt alleged the date of the most recent call. But McNutt continued to dispute the debt throughout these calls.

In April 2014, McNutt filed suit in this court, alleging that Weinerman violated provisions of the FDCPA and the TCPA. Weinerman answered and participated in a preliminary pretrial conference before Magistrate Judge Stephen Crocker. But then Weinerman essentially stopped defending the case. Without comment or explanation, Weinerman did not respond to McNutt's discovery requests, and the company's counsel moved to withdraw, indicating that his client had stopped responding to his communications and had not otherwise participated in its own defense. Before the court addressed the motion to withdraw, however, McNutt notified the court that the parties had reached a settlement. After a status conference on December 2, 2014, the court granted Weinerman's counsel's motion to withdraw and dismissed the case without prejudice, indicating that McNutt could seek further relief if he had difficulty enforcing the terms of his settlement. Case closed.

3

Or not. McNutt moved to reopen the case in February 2015, contending that Weinerman had simply refused to pay the agreed-upon settlement amount. Worse, Weinerman had filed a notice of dissolution with the Minnesota Secretary of State on December 29, 2014. But McNutt had discovered that shortly after Bugni and Leiferman organized Weinerman, they established another company: TMT. According to TMT's website—which Weinerman's website referred to as its "sister website"—the company is also in the business of debt management and brokering. This prompted McNutt to file an amended complaint alleging that TMT, Bugni, and Leiferman were liable for Weinerman's FDCPA and TCPA violations.

ANALYSIS

TMT and Leiferman move to dismiss the claims against them under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). Dkt. 29.[1] They contend that: (1) the court lacks subject matter jurisdiction over this case; (2) the court lacks personal jurisdiction over them; and (3) McNutt's amended complaint fails to state a claim against them upon which relief can be granted. McNutt responded to the motion to dismiss with a motion to amend his complaint. Dkt. 33. TMT and Leiferman oppose McNutt's motion to amend because the proposed second amended complaint would not survive their original motion to dismiss.

---

[1] TMT and Leiferman also invoke Rule 12(b)(3), which concerns whether venue is proper in this district. Dkt. 29, at 1 and Dkt. 30, at 3. But TMT and Leiferman have not offered more than a lone statement in their brief that "venue is not proper for this matter in the Western District of Wisconsin." Dkt. 30, at 3-4. "[P]erfunctory and undeveloped arguments that are unsupported by pertinent authority, are waived," and so the court will not further address TMT and Leiferman's challenge to venue. *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 964 n.1 (7th Cir. 2004) (internal citations and quotation marks omitted).

"Under normal circumstances, the filing of an amended complaint renders moot any pending motion to dismiss." *Aqua Fin., Inc. v. Harvest King, Inc.*, No. 07-cv-015, 2007 WL 5404939, at *1 (W.D. Wis. Mar. 12, 2007). But McNutt has already amended his pleadings once, and so he must obtain the court's leave before doing so again. Fed. R. Civ. P. 15(a)(2). The court must freely give leave to amend "when justice so requires." *Id.* But the court may deny a motion to amend when the amendments would be futile, meaning that the proposed amended complaint could not survive a second motion to dismiss. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015), *reh'g denied*, (Aug. 3, 2015). Thus, the parties' motions present two sides of the same coin: if McNutt's proposed second amended complaint cannot overcome TMT and Leiferman's jurisdictional or merits-based objections, then the court must deny McNutt leave to amend and grant TMT and Leiferman's motion to dismiss.

After reviewing the parties' submissions and McNutt's proposed second amended complaint, the court concludes that it has subject matter jurisdiction over this case. But McNutt has not made a prima facie showing that the court has personal jurisdiction over TMT or Leiferman. Because jurisdiction is lacking, the court will not address the merits-based challenges to McNutt's claims. The end result is that the court will deny McNutt's motion to amend and grant TMT and Leiferman's motion to dismiss. The court will also direct McNutt to file a status report indicating how he plans to proceed with the rest of the case.

A.  **Subject matter jurisdiction**

TMT and Leiferman contend that the court lacks subject matter jurisdiction over this case—a bold assertion, given that McNutt explicitly alleges violations of two federal statutes in his complaint. *See* Dkt. 33-1, ¶¶ 6, 79, 82, 85, 88. According to TMT and Leiferman, however, McNutt's complaint implicates only *Weinerman* for the alleged FDCPA and TCPA

5

violations, not them. And because state law governs whether McNutt can pierce Weinerman's corporate veil, TMT and Leiferman argue that his claims against them do not raise a federal question for purposes of establishing jurisdiction under 28 U.S.C. § 1331. This argument is not persuasive for two reasons.

First, TMT and Leiferman's approach to subject matter jurisdiction is inconsistent with precedent in this circuit. The Seventh Circuit discussed the issue of subject matter jurisdiction over piercing claims with underlying federal law claims in *Board of Trustees, Sheet Metal Workers' National Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031 (7th Cir. 2000). *Elite Erectors* was an ERISA case, in which the plaintiff sought to impose liability on the defendant's "alter ego" companies. 212 F.3d at 1033. The Seventh Circuit concluded that the district court had subject matter jurisdiction over the plaintiff's ERISA claims as asserted against the alter egos because "when the parent and subsidiary are just alter egos, then everything depends on, and the claim arises under, federal law." *Id.* at 1038.

The same principle applies in FDCPA and TCPA cases. For example, in *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, the Seventh Circuit indicated that the FDCPA "does not contemplate personal liability for shareholders or employees of debt collection companies who act on behalf of those companies, *except perhaps in limited instances where the corporate veil is pierced*." 211 F.3d 1057, 1059 (7th Cir. 2000) (emphasis added). Indeed, the Seventh Circuit has affirmed—on the merits and without questioning jurisdiction—a district court's refusal to pierce the corporate veil in an FDCPA case. *See Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 979 (7th Cir. 1998). The import of these cases is that, depending on the circumstances, federal courts may exercise subject matter jurisdiction over cases in which a plaintiff pursues

FDCPA or TCPA claims against a debt collector's shareholders or alter egos. TMT and Leiferman have not identified authority supporting their argument to the contrary.

Second, even if TMT and Leiferman were correct that veil piercing claims do not arise under federal law regardless of the underlying cause of action, the court would still have subject matter jurisdiction over this case. Under 28 U.S.C. § 1367(a), the court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "Two claims are part of the same case or controversy if they derive from a common nucleus of operative facts. A loose factual connection between the claims is generally sufficient." *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007) (internal citations and quotation marks omitted). Here, McNutt has alleged FDCPA and TCPA claims against Weinerman, claims that TMT and Leiferman have conceded fall within the court's original jurisdiction. Dkt. 30, at 12 and Dkt. 36, at 16. The question of whether TMT and Leiferman are liable for Weinerman's violations is a related issue that bears more than a "loose factual connection" to McNutt's underlying claims. *See Elite Erectors, Inc.*, 212 F.3d at 1037 (suggesting, but not deciding, that § 1367 permits a district court to hear a piercing claim in the same suit as an underlying federal law claim).

Whether under § 1331 or under § 1367, McNutt has alleged a basis from which this court can exercise subject matter jurisdiction over his claims. The court will therefore deny TMT and Leiferman's motion to dismiss as it pertains to subject matter jurisdiction.[2]

---

[2] TMT and Leiferman also contend that McNutt's piercing claim is so frivolous that he must be using the FDCPA and TCPA "solely for the purpose of obtaining jurisdiction." Dkt. 30, at 13 and Dkt. 36, at 16-17 (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). The court does

**B. Personal jurisdiction**

TMT and Leiferman also challenge whether the court has personal jurisdiction over them. Because the court will resolve this challenge on the basis of the parties' written materials, McNutt must make only a prima facie showing that jurisdiction is proper. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). After reviewing the allegations in the amended complaint and in the proposed second amended complaint, as well as McNutt's supplemental materials, the court concludes that McNutt cannot make this showing. The court will therefore deny McNutt's motion to amend and grant TMT and Leiferman's motion to dismiss for lack of personal jurisdiction.

McNutt offers two reasons for why the court may exercise personal jurisdiction over TMT and Leiferman. First, he contends that Weinerman "acted through" TMT and Leiferman. Dkt. 37, at 4-5. With regard to TMT, however, McNutt does not explain how the company "acted" for Weinerman. Indeed, it is not clear that the companies ever had a parent-subsidiary relationship or that they were ever related beyond having some of the same organizers and members. As for Leiferman, McNutt alleges only that he managed Weinerman and that he exercised considerable control over the company's collection activities in Wisconsin. Dkt. 33-1, ¶¶ 14-17. But even accepting these allegations as true, Leiferman's contacts with Wisconsin do not "directly relate to the challenged conduct or transaction." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). McNutt does not allege, for example, that Leiferman was involved in collecting the specific debt that is at issue in this case. Thus, neither the proposed second amended complaint nor the amended complaint provides a basis

---

not agree. Although McNutt has not alleged facts to make a prima facie showing that the court has personal jurisdiction over TMT and Leiferman, his piercing claim is not frivolous.

for exercising specific jurisdiction over TMT or Leiferman based on their contacts with Wisconsin.[3]

McNutt's supplemental materials include a declaration from his counsel and a complaint that a third party filed against TMT, Weinerman, Bugni, and Leiferman in Florida state court. *See* Dkt. 40 and Dkt. 40-1. But these materials do not meaningfully add to McNutt's allegations. At most, they show that TMT was in fact involved in debt collection activities, contrary to its assertion that it "is no debt collection company," Dkt. 36, at 22, and that one other plaintiff has alleged state law claims against the same group of defendants. Neither point bears on whether McNutt's claims in this case arise from actions that TMT or Leiferman purposefully directed toward Wisconsin. And although the state court complaint named all four of the defendants in this case, the plaintiff did not allege any theories of liability based on piercing the corporate veil.

McNutt's second argument for personal jurisdiction is that the court can exercise personal jurisdiction over TMT and Leiferman because he has pleaded a veil-piercing theory of liability in his proposed second amended complaint. Under this theory, Weinerman's contacts with Wisconsin would become TMT and Leiferman's contacts. *See, e.g., Taurus IP v. DaimlerChrysler Corp.*, 519 F. Supp. 2d 905, 921 (W.D. Wis. 2007), *aff'd sub nom., Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306 (Fed. Cir. 2013). But the court is not persuaded that McNutt's piercing allegations support the exercise of personal jurisdiction over TMT or Leiferman.

---

[3] McNutt does not contend that either TMT or Leiferman are subject to the court's general personal jurisdiction.

Weinerman was organized under Minnesota law. Dkt. 33-1, ¶¶ 2, 8. Courts in Minnesota allow conclusory allegations to overcome a motion to dismiss a piercing claim at the pleading stage, provided that the plaintiff gives the defendant notice of his or her intent to pierce the defendant's corporate veil. *Barton v. Moore*, 558 N.W.2d 746, 749-50 (Minn. 1997).[4] But requiring courts to have personal jurisdiction over defendants is a constitutional due process protection. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471 (1985). Thus, regardless of the substantive standards that the court would use to evaluate the merits of McNutt's piercing claims, he must still make a prima facie showing that TMT and Leiferman had sufficient minimum contacts with Wisconsin to support the exercise of personal jurisdiction. *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012). Bare, conclusory allegations that TMT is Weinerman's alter ego, or that Weinerman is a facade for Leiferman's individual dealings, will not suffice to establish personal jurisdiction, even under Minnesota's liberal standards for pleading a substantive piercing claim. *See, e.g.*, *BioFuels Automation, Inc. v. Kiewit Energy Co.*, No. 10-cv-610, 2010 WL 3023391, at *3 (D. Minn. July 28, 2010); *Steward v. Royal Bank of Can.*, No. 06-cv-5124, 2007 WL 1964564, at *4 (D. Minn. July 2, 2007), *aff'd*, 295 F. App'x 863 (8th Cir. 2008). The few specific facts that McNutt has alleged do not amount to a prima facie showing that the court could pierce Weinerman's corporate veil to exercise personal jurisdiction over TMT or Leiferman.

---

[4] TMT and Leiferman assume that Minnesota law applies. Dkt. 30 and Dkt. 36. But the Seventh Circuit had issued conflicting decisions regarding whether to apply the forum state's law or the law of the state of incorporation when examining personal jurisdiction based on a piercing theory. *Compare Ill. Bell Tel. Co. v. Glob. NAPs Ill., Inc.*, 551 F.3d 587, 597 (7th Cir. 2008) (state of incorporation), *with IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998) (forum state). The point is academic because McNutt's factual allegations are too thin to establish personal jurisdiction under any theory.

McNutt alleges that TMT and Weinerman have the same members and organizers and share the same offices, and that the companies' websites link to each other. Dkt. 33-1, ¶¶ 9, 19, 21-28. But McNutt has not alleged that TMT disregarded Weinerman's corporate existence by exercising complete control over its affairs, nor that the two companies intermingled finances, employees, or assets. These are the types of allegations that Minnesota state and federal courts have required before exercising personal jurisdiction on the basis of a plaintiff's piercing claims. *See George v. Uponor Corp.*, 988 F. Supp. 2d 1056, 1064-67 (D. Minn. 2013); *Bielicki v. Empire Stevedoring Co.*, 741 F. Supp. 758, 762-63 (D. Minn.), *amended*, 765 F. Supp. 991 (D. Minn. 1990); *JL Schwieters Const., Inc. v. Goldridge Const., Inc.*, 788 N.W.2d 529, 536 (Minn. Ct. App. 2010). The same is true for McNutt's allegations concerning Leiferman. Even accepting as true that Leiferman directed Weinerman's business activities and was one of a small group of individuals who organized both Weinerman and TMT, these allegations, without more, do not support imputing Weinerman's contacts with Wisconsin to Leiferman. Thus, McNutt has not made a prima facie showing that personal jurisdiction through veil piercing would be appropriate.

Neither the amended complaint nor the proposed second amended complaint alleges facts which, if true, would support this court's exercise of personal jurisdiction over TMT or Leiferman. McNutt's supplemental materials do not change this conclusion. The court must therefore deny McNutt's motion to amend and grant TMT and Leiferman's motion to dismiss. The court will also deny McNutt's motion for leave to file a supplemental document. Because the court will dismiss TMT and Leiferman on jurisdictional grounds rather than on the merits, McNutt is free to refile his piercing claims in a court with jurisdiction.

**C. Remaining issues**

The court's conclusion that it lacks personal jurisdiction over TMT and Leiferman does not end this case. McNutt must therefore provide a status report indicating how he plans to proceed from here. That status report must address the following two issues.

First, McNutt has live FDCPA and TCPA claims against Weinerman. After the original parties reached a settlement, the court dismissed McNutt's claims against Weinerman without prejudice. Dkt. 16. McNutt reasserted those claims in his amended complaint, Dkt. 21, and in his proposed second amended complaint, Dkt. 33. But Weinerman has not answered or otherwise responded to the amended complaint. Thus, the appropriate course of action appears to be for McNutt to move for the entry of default against Weinerman. Alternatively, if McNutt does not wish to pursue his claims against Weinerman, then he should promptly file a notice of dismissal. McNutt's status report must indicate how he plans to proceed with the rest of the case.

Second, McNutt has not served Bugni. Dkt. 35-1. Under Rule 4(m), when a plaintiff fails to timely serve a defendant, the court must dismiss the claims against that defendant without prejudice, or order the plaintiff to accomplish service within a specified time. It appears that Bugni will not be subject to this court's personal jurisdiction for substantially the same reasons that the court cannot exercise personal jurisdiction over TMT and Leiferman. Dismissal would therefore be appropriate. But under Rule 4(m), McNutt is entitled to notice and an opportunity to respond. Thus, McNutt's status report must also discuss whether Bugni should be dismissed from this case.

ORDER

IT IS ORDERED that:

1. Defendants Tom Leiferman and TMT Management Group, LLC's motion to dismiss, Dkt. 29, is GRANTED in part. The claims against Leiferman and TMT are DISMISSED, without prejudice, for lack of personal jurisdiction.

2. Plaintiff Thomas McNutt's motion for leave to file a second amended complaint, Dkt. 33, is DENIED.

3. McNutt's motion for leave to file supplemental document, Dkt. 38, is DENIED.

4. By February 22, 2016, McNutt must file a status report with the court, indicating how he plans to proceed with the rest of this case.

Entered February 8, 2016.

                          BY THE COURT:

                          /s/

                          _____
                          JAMES D. PETERSON
                          District Judge